UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Criminal No. 11-363 JRT/AJB

　　　　　　　　　　Plaintiff,

v.                                            **REPORT AND RECOMMENDATION**

Deborah Mae Carlson,

　　　　　　　　　　Defendant.


　　　Jeffrey S. Paulsen, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

　　　Douglas Olson, Esq., and Reynaldo A. Aligada, Jr., Esq., Federal Defenders, for the defendant, Deborah Mae Carlson.


　　　This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on January 13, 2012, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Exhibits were received with regard to suppression of search and seizure evidence.

　　　Based upon the file and documents contained therein, along with the evidence presented at hearing and the memorandums of counsel, the magistrate judge makes the following:

**Findings**

　　　**Residence Search Warrant.** On June 10, 2010, Dakota County District Court Judge Pat Sutherland issued a warrant to search a particularly described residential premises in Burnsville, Minnesota. (Hrg. Ex. 1). The search warrant identified the objects of the warrant as Ginsu knives, type writer and typing supplies, money mailers, specified handwriting samples, mailing materials to include stamps and envelopes, gloves, and clothing materials. The warrant

was issued on the basis of probable cause information contained in the Affidavit of Lakeville Police Detective David Watson, including physical evidence, witness interviews, statements by the defendant, an informant tip, and a prior consent search of the residence.

**Hair Follicle Search Warrant.**  On August 12, 2012, Dakota County District Court Judge Michael Souis issued a warrant authorizing the seizure of hair follicles, including roots, from the body of Deborah Mae Carlson (Hrg. Ex. 2).  The warrant was issued on the basis of information contained in the Affidavit of Lakeville Police Detective David Watson, wherein it was stated that the known hair sample was requested to allow comparison to samples that had been recovered in the investigation in a criminal matter involving Deborah Mae Carlson in which she was suspected of mailing threatening letters.  Probable cause information included physical evidence, witness interviews, statements by the defendant, an informant tip, and evidence obtained by handwriting analysis and a prior consent search of the residence.

Based upon the foregoing Findings, the magistrate judge makes the following:

## Conclusions

**Residence Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly described residential premises in Burnsville, Minnesota (Hrg. Ex. 1) was not unlawfully obtained in violation of the constitutional rights of defendant Deborah Mae Carlson.  The residence search warrant was issued on June 10, 2010, and was based upon sufficient probable cause as stated in the Affidavit of Lakeville Police Detective David Watson and as determined by Dakota County District Court Judge Pat Sutherland.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized

pursuant to the warrant.

Defendant challenges the warrant to search her home on grounds that the supporting affidavit did not state grounds to believe that evidence would be found at that location. Defendant notes that no evidence was obtained in a prior consent search of the residence conducted in March 2010, and the affidavit did not set forth evidence to suggest that certain fiber-matching clothing items would be found there. Defendant also contends that the warrant affidavit was so lacking in probable cause evidence as to negate good faith.

Probable cause exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Hartje, 251 F. 3d 771, 774 (8th Cir. 2001); United States v. Hansel, 524 F. 3d 841, 845 (8th Cir. 2008). "Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a search warrant. . . ." United States v. Keele, 589 F.3d 940, 944 (8th Cir. 2009) (quoting United States v. Summage, 581 F.3d 1075, 1078 (8th Cir. 2007)).

There is abundant evidence in the warrant affidavit in this instance to constitute probable cause to believe that defendant Deborah Carlson was involved in sending the threatening letters underlying the charged offense. The letters closely coincide with incidents of defendant's known direct involvement with the target of the letters and the clinic at which the target was employed. In addition, the threatening nature and content of the letters is consistent with a tip from a former co-worker of the defendant regarding the defendant's attraction to the target. This tip was further corroborated in a phone conversation between the defendant and the target in which the defendant expressed feelings of extreme emotion, including stating that she was cutting her wrists.

As to the nexus between the residence to be searched and the items to be seized, the court concludes that the items are objects and materials that would commonly be found in the home and are not contraband or evidence of crime that would typically be transported in the course of preparing to commit the offense. Also, the defendant received the return phone call from her target on her home phone less than an hour before the defendant was apprehended by Lakeville Police at the target's work place. It is of no consequence that no evidence was seized in a consent search of the residence conducted a few month before the search warrant was obtained. Under the totality of these circumstances the court concludes that a fair probability existed that evidence of the crime would by found at the defendant's residence and a sufficient nexus between the search residence and evidence of defendant's threats was stated in the affidavit.

**Good Faith.** In any event, the warrant issued on June 10, 2010, to search defendant's residence was executed by officers having a objective good faith reliance on the validity of the warrant, and the search was lawful on that account. United States v. Leon, 468 U.S. 897, 922-23 (1984). There is no evidence that the issuing judge was intentionally or recklessly misled by false information in an affidavit; there is no suggestion that the judicial role was completely abandoned by the issuing judge; the indicia of probable cause in the affidavit is not insignificant; and the warrant is not facially deficient. United States v. Hessman, 369 F.3d 1016, 1020 (2004)(citing Leon, 468 U.S. at 923); United States v. Keele, 589 F.3d 940 at 944.

**Hair Search Warrant** Evidence seized pursuant to a warrant to seize a hair sample from the body of Deborah Mae Carlson (Hrg. Ex. 2), was not unlawfully obtained in violation of the constitutional rights of defendant. The warrant was issued on August 12, 2010,

and was based upon sufficient probable cause as stated in the Affidavit of Lakeville Police Detective David Watson and as determined by Dakota County District Court Judge Michael Souis. The warrant properly and sufficiently identified the person and the subject of the seizure and stated a nexus between the object of the warrant and an alleged felony offense. The search warrant in this matter was lawfully issued and there is no requirement for suppression of hair sample comparison evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Deborah Mae Carlson's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 21].

Dated:     February 7, 2012

  s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 22, 2012.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.