| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-363 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| DEBORAH MAE CARLSON, | |
| Defendant. | |

Deborah Mae Carlson, 1103 55th Avenue, Princeton, MN 55371, *pro se*.

Jeffrey S. Paulsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Defendant Deborah Mae Carlson was convicted of nine counts of mailing threatening communications to her veterinarian and others and three counts of mailing extortionate communications to various business entities. Carlson appealed, and the Eighth Circuit reversed one count of mailing extortionate communications to a business entity, after which Carlson was resentenced. Carlson brings a *pro se* motion to vacate, set aside, or correct her resentencing under 28 U.S.C. § 2255, alleging, among other grounds, law enforcement misconduct, ineffective assistance of counsel, and actual innocence. The Court finds that Carlson's motion fails to satisfy the requirements of § 2255 and warrants dismissal.

**BACKGROUND**

Carlson brought her pets to Dr. Katherine Belisle of South Fork Animal Hospital (the "Hospital") for frequent veterinary care in March 2010. *United States v. Carlson*, 787 F.3d 939, 941-42 (8th Cir. 2015). From March through May 2010, Belisle received at the Hospital eight hand-addressed letters ("Belisle Letters") detailing threats of her kidnap, torture, and rape. *Id*. at 942. One letter was delivered with a knife in the Hospital's mailbox. *Id*. In addition, two other Hospital staff received letters at the Hospital detailing harm to be committed against them and Belisle. *Id*.

Three other businesses near the Hospital also received threatening letters ("Business Letters") around this time, but these letters were falsely signed with Belisle's name. *Id*. Notably, one letter was addressed to "Scott Lake Veterinary Center." *Id*. Each of the Business Letters threatened physical violence, property damage, and defamation if the recipient failed to deliver large sums of money or veterinary supplies to the Hospital. *Id*.

After a jury trial, Carlson was indicted and convicted of nine counts of mailing a threatening communication in violation of 18 U.S.C. § 876(c) and three counts of mailing a threatening communication with intent to extort in violation of 18 U.S.C. § 876(b) and (d). *Id.;* (*see also* Jury Verdict, May 8, 2013, Docket No. 75). The Court sentenced Carlson to 33 months in custody and 3 years of supervised release with various conditions. (Sentencing J., Mar. 31, 2014, Docket No. 101.)

On appeal, Carlson challenged the three counts of mailing a threatening communication with intent to extort. *Carlson*, 787 F.3d at 941. The Eighth Circuit

reversed on one count, which involved the letter addressed to Scott Lake Veterinary Center. *Id*. at 949. The Eighth Circuit held that the jury was not properly instructed on the definition of "person" with regard to the victim of extortion under § 876 and that the letter addressed to Scott Lake Veterinary Center was ambiguous as to whether the victim was a natural person. *Id*. at 948-49. On remand, the Court again imposed a sentence of 33 months incarceration, which Carlson had already completed at the time of resentencing in October 2015. (Resentencing J., Nov. 9, 2015, Docket No. 138.)

Carlson presents ten grounds on which she argues the Court should vacate, set aside, or correct her resentencing. (Def.'s Mot. to Vacate, Set Aside, or Correct Sentence ("Mot."), Oct. 14, 2016, Docket No. 140.) In addition, Carlson requests an evidentiary hearing. (Def.'s Reply Mem. at 1-2, Dec. 13, 2016, Docket No. 143.) For the foregoing reasons, the Court denies both Carlson's motion and request for an evidentiary hearing.

## ANALYSIS

### I. STANDARD OF REVIEW

Section 2255 allows a federal prisoner in custody a limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected,

would result in a complete miscarriage of justice." *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). In addition, this Court continues to have jurisdiction over Carlson's motion because individuals on supervised release are "considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

## II. CARLSON'S CLAIMS

Each of Carlson's asserted grounds for relief fails to satisfy the requirements of § 2255. Ground 1 states "I need my name cleared as being involved in a[n] earlier crime, I was not involved in," but fails to identify a violation of her constitutional rights. (Mot. at 4.) This ground refers to a set of threatening letters sent in 2007 ("2007 Letters") that are separate from the letters involved in this matter which were sent in 2010. (*Id.*) Though the government sought to introduce the 2007 Letters in Carlson's trial multiple times, Carlson's counsel argued the 2007 Letters were unfairly prejudicial, and the Court prohibited their introduction. (Trial Tr. ("Trial Tr. I") at 3:1-26:10, June 26, 2014, Docket No. 114; Trial Tr. ("Trial Tr. V") at 695:22-698:4, June 26, 2014, Docket No. 118.) Thus, Carlson was never formally charged with and the jury never heard information related to the 2007 Letters. (*Id.*) Ground 7 states a similar claim and refers to the same 2007 Letters. (Mot. at 16.) Ground 7 also fails to satisfy the requirements of § 2255 under the same reasoning. As the government correctly asserts, a § 2255 motion is an inappropriate vehicle to clear one's name regarding a crime never charged, tried, or convicted. (Resp. in Opp'n to Mot. at 3, Dec. 6, 2016, Docket No. 142.)

Ground 2 lists an unsupported statement that the handwriting on all of the threatening letters was actually the handwriting of the victim, Belisle. (Mot. at 5.) Carlson previously denied involvement with the threatening letters during her direct examination at trial. (Trial Tr. V at 688:21-695:12.) In addition, Carlson had access to but failed to address these theories at trial and on appeal. Thus, these are not newly discovered facts but conclusory statements which fail to satisfy the standards in § 2255.

Grounds 3-6 repeat the same denials that Carlson made during trial. (Mot. at 6-8, 14-15; Trial Tr. V at 688:21-695:12.) Carlson also asserts in Ground 8 that government misconduct and a "lying informant" support the relief requested. (Mot. at 17.) However, Carlson writes that she does "not have any evidence" that the informant was working with or even knew the victim, nor does she have any evidence that police asked the informant to write the threatening letters to "pin[]" them on Carlson. (*Id*. at 18.) Grounds 3-6 and 8 fail to provide new evidence or a constitutional violation required by § 2255.

Ground 9 broadly asserts that the government presented no evidence supporting any element of the criminal acts set forth in 18 U.S.C. § 876, and specifically states that one "letter [was] not even mailed." (Mot. at 19.) Carlson argues that because one letter was never processed through the United States Postal Service ("USPS"), that she could not have "mailed or caused to be mailed" at least one of the threatening letters. (*Id*.) However, § 876 forbids the deposit of threatening letters into any authorized depository for mail and does not require the actual USPS processing of such letters. Therefore, this claim is erroneous.

Carlson argues in Ground 10 that she "got nothing for a count being vacated/illegally imposed conditions were not removed" and that she "overserved her sentence by two months." (Mot. at 20.) This argument is also unavailing. First, Carlson's original sentence and resentencing were both below the federal sentencing guideline ranges. (*See* Sentencing J. at 2; Resentencing J. at 2.) Second, because Carlson had fully served the custodial portion of her original sentence at the time of the resentencing hearing, there was no way to reduce Carlson's sentence upon remand, even if one had been warranted. Nevertheless, the Court found that no reduction was warranted, other than a reduction in special assessment. (*See* Resentencing J. at 1.) Moreover, there is no evidence to suggest that Carlson's resentencing violated her constitutional rights. Carlson did not overserve her sentence; the Court accepted the probation officer's recommendation, to which Carlson initially agreed, and authorized Carlson to reside in a half-way house for no more than 60 days upon completion of her custodial sentence due to homelessness. (*See* Pet. on Supervised Release, Sept. 22, 2015, Docket No. 131; Hr'g Waiver, Sept. 22, 2015, Docket No. 132.)

Finally, construing Carlson's *pro se* motion liberally, this Court will consider Carlson's general claim of ineffective assistance of counsel. (Mot. at 12.) To establish ineffective assistance of counsel, the movant must establish that: (1) "his [or her] attorney's performance was so deficient as to fall outside the range of reasonable professional assistance," and (2) that "he [or she] suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result." *Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir.

2013). "Failure to establish either prong is fatal to a claim of ineffective assistance." *Id*. In addition, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 688, 689 (1984)).

Carlson retained the same court-appointed counsel for trial and appeal. Here, Carlson's motion fails to satisfy her burden of showing either that her counsel's assistance was deficient or that the allegedly deficient performance was prejudicial. The underlying premise of Carlson's motion was that her counsel failed to argue certain theories of her case and present certain pieces of evidence (*e.g.* the 2007 Letters) at trial and failed to appeal all counts of her convictions. (Mot. at 18.) These assertions fail to rebut the presumption against a finding of ineffective assistance of counsel because the record indicates, to the contrary, that Carlson's counsel's performance was objectively reasonable.

Lastly, Carlson also requests an evidentiary hearing "so that [she] can present evidence and information that [she] ha[s] to support [her] claims." (Def.'s Reply Mem. at 1.) However, a movant is not entitled to an evidentiary hearing if the § 2255 motion "and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Indeed, § 2255 motions may be dismissed without evidentiary hearing if the "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240

(8th Cir. 1995). In this case, Carlson's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, and are conclusory statements rather than statements of fact.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Copeland v. Washington,* 232 F.3d 969, 977 (8th Cir. 2000). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Carlson has not shown that reasonable jurists would find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Because Carlson has failed to make the required substantial showing of the denial of a constitutional right, the Court will not grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Carlson's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Docket No. 140] is **DENIED**.

2. Carlson's request for an evidentiary hearing [Docket No. 143] is **DENIED**.

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Carlson's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 8, 2017  
Minneapolis, Minnesota.

___s/ John R. Tunheim___  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court